IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )   Case No. CR-07-154-D |
| | ) |
| RUSSELL DEAN LANDERS; | ) |
| CLAYTON HEATH ALBERS; | ) |
| BARRY DEAN BISCHOF; and | ) |
| WILLIAM MICHAEL ROBERSON; | ) |
| | ) |
| Defendants. | ) |

**PRETRIAL CONFERENCE MEMORANDUM**

On October 16, 2007, the Court held a pretrial conference pursuant to Fed. R. Crim. P. 17.1. The following matters were agreed to during the conference:

1. Any defendant who wishes to give late notice pursuant to Fed. R. Crim. P. 12.2(b) of expert evidence of a mental condition, such as discussed in *United States v. Finely*, 301 F.3d 1000 (9th Cir. 2002), or to request a mental examination for that purpose, shall file an appropriate paper by October 31, 2007. The government shall respond to any such filing by November 1, 2007.

2. A hearing will be held on Thursday, November 1, 2007, to inquire into the issues raised by Defendant Albers' *pro se* "Notice" filed October 23, 2007, which the Court construes as a motion for substitution of counsel.

3. Unless otherwise ordered, the trial will begin with jury selection at 9:30 A.M. on Monday, November 5, 2007, after which the Court will recess and instruct the jury to return at 9:00 A.M. on Monday, November 26, 2007, for the presentation of

evidence. The jury selection and trial will take place in a third-floor courtroom to be determined.

4. Motions in limine, requested jury instructions, and requested voir dire are due to be filed by October 29, 2007. Before trial, the parties shall present an agreed summary of the Indictment, which the government shall prepare.

5. The Court will conduct a *James*[1] hearing before trial to determine the admissibility of coconspirators' out-of-court statements as nonhearsay evidence underFed. R. Evid. 801(d)(2)(E). To the extent possible, the government will identify in its trial brief the statements that it anticipates offering at trial.

6. The government does not anticipate that its evidence will raise any *Bruton*[2] issue. If the government should later determine that such evidence may be used, counsel shall advise the Court as soon as practicable before trial.

7. If any party anticipates requesting the use of a cautionary, limiting instruction during the presentation of evidence, a proposed instruction shall be submitted for the Court's consideration before the presentation of evidence begins.

8. During the trial, any evidentiary objection made by one defendant will be understood as made jointly by all defendants unless a defendant's attorney states that he does not join in the objection. The jury shall be advised of this understanding. Defense counsel are encouraged to designate a spokesperson for the group on matters in which they have a common interest, such as peremptory challenges. Also, they are encouraged to agree on an order of recognition for examination of witnesses and

---

[1] *United States v. James*, 590 F.2d 575 (5th Cir. 1979).

[2] *Bruton v. United States*, 391 U.S. 123 (1968).

2

       presentation of evidence; otherwise, the Court will recognize defense counsel in the

       order in which the defendants are listed in the Indictment.

DATED this 29th day of October, 2007.

                                                  _____
                                                  TIMOTHY D. DEGIUSTI
                                                  UNITED STATES DISTRICT JUDGE