IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. CR-07-154-D |
| | ) |
| RUSSELL DEAN LANDERS; | ) |
| CLAYTON HEATH ALBERS; and | ) |
| BARRY DEAN BISCHOF, | ) |
| | ) |
| Defendants. | ) |

**O R D E R**

Throughout the pendency of this case, Defendants Russell Dean Landers, Clayton Heath Albers, and Barry Dean Bischof have made *pro se* filings in the record by preparing documents in the form of pleadings and mailing them directly to the Clerk of Court, although each defendant is represented by counsel and has declined to waive his right to counsel.  These filings have continued unabated since a jury convicted Defendants at trial of the offenses of conspiracy to impede federal officials and mailing threatening communications to a federal official with the intent to extort.  Due to the numerosity of these papers, the case record is now approaching almost 200 filed documents, more than 40 of which consist of Defendants' personal filings that have no legal significance and state no legally cognizable theory of defense or relief.  Upon review of the case record, the Court has determined that Defendants should not be allowed to continue to utilize the case record as a forum for expressing their personal beliefs or to burden the clerk's office with frivolous, vexatious filings.

IT IS THEREFORE ORDERED that the following docketing entries are stricken from the case record and shall be disregarded:  Nos. 17, 26, 55, 56, 57, 58, 73, 85, 86, 87, 96, 111, 112, 113, 114, 125, 126, 127, 128, 129, 130, 131, 138, 140, 141, 142, 145, 146, 147, 148, 149, 150, 151, 155,

159, 160, 171, 172, 174, 175, 176, 179, 180, 190 and 191.  Defendants are directed to cease filing frivolous documents into the record of this case; Defendants are represented by counsel and have no need to make any personal filings.  Should Defendants Landers, Albers or Bischof file additional documents of like kind to the ones stricken by this Order, then the Court intends to impose filing restrictions to prevent further abusive filings.  Specifically, in the event any Defendant makes such additional filings, the Court will direct the Clerk not to file any such papers received from that Defendant in the future, without prior approval from the Court authorizing a *pro se* filing of a particular document into the case record.  The attorneys for these Defendants are directed to forward a copy of this Order to their clients.

    IT IS SO ORDERED this 2nd  day of March, 2008.

                                    TIMOTHY D. DeGIUSTI
                                    UNITED STATES DISTRICT JUDGE